Brian P. Petirs (State Bar No. 238864)
bpetirs@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  84303
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900

Catherine Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street
San Francisco, CA 94105
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SONDRA BAZZOTI,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>    **Defendant.** | **Case No. C07-00513-JF(PVT)**<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>**Assigned for all purposes to<br>The Honorable Jeremy Fogel** |

    **IT IS HEREBY STIPULATED** by and between Plaintiff Sondra Bazzoti ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), through their respective attorneys of record, as follows:

    **WHEREAS**, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendant and/or personal income, credit and other confidential information of Plaintiff.

1    **THEREFORE**, an Order of this Court protecting such confidential information shall be
2    and hereby is made by this Court on the following terms:
3    1.    This Order shall govern the use, handling and disclosure of all documents, testimony or
4    information produced or given in this action which are designated to be subject to this Order in
5    accordance with the terms hereof.
6    2.    Any party or non-party producing or filing documents or other materials in this action
7    may designate such materials and the information contained therein subject to this Order by
8    typing or stamping on the front of the document, or on the portion(s) of the document for which
9    confidential treatment is designated, "Confidential."  "Confidential" information is that which
10   qualifies for protection under standards developed under FRCP 26(c).
11   3.    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be
12   filed with the Court incorporate documents or information subject to this Order, the party filing
13   such papers shall submit the same to the Court with a request to file under seal in accordance with
14   this Court's Civil Local Rule 79-5.  Copies of such documents containing information subject to
15   this Protective Order that are served on counsel for the parties shall be similarly identified and
16   shall be maintained as Confidential.
17   4.    Confidential material that is disclosed or produced by another party or by a non-party in
18   connection with this case shall not be used for any purpose whatsoever other than for prosecuting,
19   defending, or attempting to settle this litigation.  Such Confidential material may be disclosed
20   only to the categories of persons and under the conditions described in this Order.  When the
21   litigation has been terminated, a receiving party must comply with the provisions of Paragraph 9,
22   below.
23   5.    Except with the prior written consent of the individual or entity asserting confidential
24   treatment, or pursuant to prior Order after notice, any document, transcript or pleading given
25   confidential treatment under this Order, and any information contained in, or derived from any
26   such materials (including but not limited to, all deposition testimony that refers, reflects or
27   otherwise discusses any information designated confidential hereunder) may not be disclosed
28   other than in accordance with this Order and my not be disclosed to any person other than: (a) the

1   Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained
2   counsel or in-house counsel and employees of counsel assigned to assist such counsel in the
3   preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of
4   the parties that such witnesses need to know such information and who have signed the
5   "Agreement to Be Bound by Protective Order" (Exhibit A); (e) expert witnesses of the receiving
6   party to whom disclosure is reasonably necessary for this litigation and who have signed the
7   "Agreement to Be Bound by Protective Order" (Exhibit A); (f) court reporter and their staffs; and
8   (g) present or former employees of the producing party in connection with their depositions in
9   this action (provided that no former employees shall be shown documents prepared after the date
10  of his or her departure).

11  6.   All persons receiving any or all documents produced pursuant to this Order shall be
12  advised of their confidential nature.  All persons to whom confidential information and/or
13  documents are disclosed are hereby enjoined from disclosing same to any other person except as
14  provided herein, and are further enjoined from using same except in the preparation for and trial
15  of the above-captioned action between the named parties thereto.  No person receiving or
16  reviewing such confidential documents, information or transcript shall disseminate or disclose
17  them to any person other than those described above in Paragraph 5 and for the purposes
18  specified, and in no event shall such person make any other use of such document or transcript.

19  7.   Nothing in this Order shall prevent a party from using at trial any information or materials
20  designated "Confidential."

21  8.   This Order has been agreed to by the parties to facilitate discovery and the production of
22  relevant evidence in this action.  Neither the entry of this Order, nor the designation of any
23  information, document, or the like as "Confidential," nor the failure to make such designation,
24  shall constitute evidence with respect to any issue in this action.

25  9.   Within sixty (60) days after the final termination of this litigation, upon request of the
26  propounding party, all documents, transcripts, or other materials afforded confidential treatment
27  pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but
28  excluding any materials which in the good faith judgment of counsel are work product materials,

shall be returned to the individual or entity having produced or furnished same or destroyed. If a party elects to destroy the materials, such party shall confirm that fact in writing to the producing party.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

**AGREED** and **STIPULATED** to by the parties:

Dated: 8/1/07

JONES DAY

By: ___/S/ Catherine Nasser___
    Catherine S. Nasser

JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 626-3939

Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS

PURSUANT TO STIPULATION, IT IS SO ORDERED

Date: August 7, 2007

Dated: 8/2/07

LAW OFFICES OF WILLIAM E. KENNEDY

By: _/s/ William E. Kennedy_
    William E. Kennedy

LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, CA 95050
Telephone:

Attorney for Plaintiff
SONDRA BAZZOTI

_Patricia V. Trumbull_
PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare under penalty or perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Sondra Bazzoti v. Experian Information Solutions, Inc.*, Case Number C07-00513-JF (PVT). I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____